UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID W. KRAUSS,**

       **Plaintiff,**

v.                                             Case No:   6:13-cv-640-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

David W. Krauss (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability insurance benefits and supplemental security income benefits.  Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) finding that his substance abuse disorder was a contributing factor material to the determination of disability; 2) finding that he had the residual functional capacity ("RFC") to perform light work with some additional limitations; 3) finding that he could perform his past relevant work; and 4) relying on the vocational expert's ("VE") testimony in determining that he could perform other work besides his past relevant work.  Doc. No. 21 at 12-26.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**      **PROCEDURAL HISTORY.**

On November 13, 2002, Claimant filed applications for disability insurance benefits and supplemental security income benefits, claiming disability as of August 20, 2002.  R. 48-50; 265-67.  On December 29, 2005, the ALJ assigned to Claimant's case issued a decision finding that

he was not disabled. R. 15-24. The Appeals Council denied review (R. 5-7), causing Claimant to appeal to this Court. On August 9, 2007, the Court issued a Memorandum of Decision reversing and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). R. 345-65. On March 27, 2009, the ALJ assigned to Claimant's case issued a decision finding that he was not disabled. R. 631-48. On March 8, 2011, the Appeals Council remanded the case for further proceedings. R. 655-57. On January 18, 2012, the ALJ issued the decision at issue here finding that Claimant is not disabled. R. 315-37. The Appeals Council denied review (R. 305-8), resulting in the instant appeal.

## II.  STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of

factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.  ANALYSIS.

Claimant generally argues that the ALJ's RFC determination is not supported by substantial evidence. Doc. No. 21 at 17-22. Specifically, Claimant asserts, among other things, that the ALJ's RFC determination does not account for all of the limitations identified by the examining and non-examining physicians to which the ALJ gave either great or significant weight. *Id*. at 21-22. Among those physicians, Claimant points to Dr. Jane Cormier, a non-examining state agency physician, and her opinion that he "may be somewhat distracting to others[,]" arguing that the ALJ should have included this limitation in his RFC determination because he gave Dr. Cormier's opinions significant weight. *Id*. (citing R. 578). While the Commissioner does not directly respond to this argument, she maintains that the ALJ's RFC determination is supported by substantial evidence. Doc. No. 25.

At step four of the sequential evaluation process, the ALJ must determine a claimant's RFC and ability to do past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). While the claimant bears the burden of showing that he or she can no longer perform his or her past relevant work, *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986), the ALJ bears the responsibility for determining the claimant's RFC. *See* 20 C.F.R. § 404.1527(d), (e). The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing

20 C.F.R. § 404.1545(a)).  In evaluating the claimant's RFC, the ALJ considers the claimant's ability to "meet the physical, mental, sensory, and other requirements of work[.]"  20 C.F.R. §§ 404.1545(a)(4), 416.945(a)(4).  The ALJ must consider all of the claimant's medically determinable impairments, even those not designated as severe.  *Id*. §§ 404.1545(a)(2), 416.945(a)(2).  If the claimant can still do the kind of work he or she has done in the past, then the regulations require that the claimant be found not disabled.  20 C.F.R. § 404.1520(f).

The record contains two medical opinions which speak directly to Claimant's ability to work with co-workers.  The first opinion was rendered on March 27, 2003, by Dr. Josette Jourdan, who conducted a one-time psychiatric evaluation of Claimant.  R. 155-58.  Notably, Dr. Jourdan observed that Claimant "has had difficulties with superiors and co-workers" because they "tend to unnerve him," and opined that Claimant can "handle work independently without support or supervision."  R. 158.  The second opinion was rendered on April 26, 2007, by Dr. Cormier, who opined in a mental RFC assessment that Claimant "is likely to have difficulty with direction and criticism from a supervisor and may be somewhat distracting to others, but, overall, the claimant appears capable of adequate adaptation, social functioning and of at least routine, repetitive tasks on a sustained basis as so motivated."  R. 578.  Upon comparison, these opinions differ with respect to Claimant's ability to work with co-workers, as Dr. Jourdan performed a one-time examination and opined that Claimant would have difficulties working with co-workers, while Dr. Cormier did not examine Claimant and simply found that Claimant would be distracting to co-workers but not unable to work with them.[1]

---

[1] In the August 9, 2007 Memorandum of Decision, the Court observed that Dr. Jourdan's report "indicates that [Claimant] experiences anxiety around other individuals and that he would have problems working with superiors and co-workers."  R. 363-64.  The Court further observed that the ALJ agreed with Dr. Jourdan's opinion, but, without explanation, did not include any limitations with respect to Claimant's ability to work with supervisors or co-workers.  *Id*.  Consequently, the Court found that remand was required on this issue.  *Id*.  As discussed below, the same error has occurred in this case, albeit only with respect to Claimant's ability to work with co-workers.

At step four of the sequential evaluation process, the ALJ found that Claimant has the following RFC:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional limitations. The claimant can understand, remember and carry out simple instructions. He can perform simple, routine and repetitive tasks. He can occasionally interact with supervisors.

R. 322. In so finding, the ALJ considered, among other things, Dr. Jourdan's psychiatric report and Dr. Cormier's mental RFC assessment. R. 328-29, 331-32. The ALJ provided an accurate and detailed summary of Dr. Jourdan's psychiatric report and Dr. Cormier's mental RFC assessment, and assigned each significant weight without exception. *Id*.

The ALJ's RFC determination is not supported by substantial evidence. As previously mentioned, Dr. Jourdan opined that Claimant would have difficulties working with co-workers, while Dr. Cormier simply found that Claimant would be distracting to co-workers but is otherwise capable of working with them. *Compare* R. 158 *with* R. 578. Despite assigning each opinion significant weight, the ALJ does not reconcile the inconsistency between Drs. Jourdan's and Cormier's opinions. R. 315-37. The ALJ does not explain why he did not include the limitations identified by Dr. Jourdan in his RFC determination. *Id*. The ALJ is required to provide a reasoned explanation as to why he chose not to include a particular limitation in his RFC determination. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011); *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987)). The ALJ's decision contains no such explanation. R. 315-37. Without any explanation for this action, given the inconsistency between Drs. Jourdan's and Cormier's opinions, the Court is unable

to conduct a meaningful review of the ALJ's decision not to include or otherwise account for a limitation to which he otherwise gave significant weight.[2]  In light of the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence.[3]

## IV.    CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE and ORDERED** in Orlando, Florida on September 16, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Robert D. Marcinkowski
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801

---

[2] Though the Commissioner does not argue harmless error, the Court finds that the error is not harmless since a limited ability to work with co-workers would almost certainly erode the jobs Claimant is capable of performing, which may ultimately alter the Commissioner's disability determination.

[3] The Court finds this issue dispositive and does not address Claimant's remaining arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).  While the Court will not address Claimant's remaining arguments, the Court notes that the ALJ neither discussed nor weighed Dr. Chris Carr's opinions.  *See* R. 315-37.  Dr. Carr performed a one-time mental health evaluation of Claimant on November 13, 2006.  R. 519-23.  On remand, the ALJ shall weigh the opinions of Dr. Carr.